UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>     v.<br><br>JOSE MANUEL BIRRUETA,<br><br>                              Defendant. | NO:  2:13-CR-2134-TOR-1<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 148).  Defendant submitted this motion and accompanying memorandum on his own behalf.  The Government is represented by Benjamin D. Seal, Assistant United States Attorney.  Having reviewed the briefing, the record and files therein, the Court is fully informed.

This Court has determined that no evidentiary hearing pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts is warranted.  The sworn testimony provided at trial resolves this motion.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

**BACKGROUND**

Defendant presents two ineffective assistance of counsel claims, faulting his counsel because he (1) "failed to file motions to suppress evidence from a warrantless search of a shed that [Defendant] leased from his next door neighbor. . ." and (2) "failed to file [a] motion to compel [the] Government to order fingerprints on the illegal firearm in count 2, in order to prove a connection between the firearm and [Defendant]."  ECF No. 148 at 4.

The Government contends that Defendant claimed to have no interest or property stored in the next door neighbor's shed, so officers searched it based on the next door neighbor's consent to search.  ECF No. 155 at 5-6.  The Government also explained that the short barreled shotgun was found in Defendant's shed, pursuant to a search warrant, and after being advised of his *Miranda* rights, Defendant admitted to possessing it.  *Id*. at 4-6.  Thus, fingerprints or the lack thereof would not have dispelled the connection between the Defendant and the shotgun.  *See* ECF No. 155 at 12.

**DISCUSSION**

**A. Ineffective Assistance of Counsel**

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI.  A defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

following: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Regarding the first prong, a "tactical decision about which competent lawyers might disagree" does not qualify as objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 702 (2002). Regarding the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693-94. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Morrison*, 477 U.S. at 375. This means Defendant must show that "absent the evidence concerning the [contents of the neighbor's shed] there is a reasonable probability that the trial

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

1    [jury] would have had a reasonable doubt as to his guilt." *Morrison*, 477 U.S. at

2    391.

### 1.  Failure to File Suppression Motion

4            Officers obtained consent from the neighbor to search the property at Trailer

5    space # 14, next door to Defendant's property at Trailer space #13.  ECF No. 132

6    at 103-04.  Officers located a locked shed on the neighbor's property.  *Id*. at 104.

7    As an exception to hearsay, the Government sought to introduce the neighbor's

8    statement that Defendant stored his property in the shed and that Defendant had the

9    key to the shed.  *Id*. at 104, 106-07.  Defendant's attorney vigorously objected and

10   pointed out the prejudice that would result from those hearsay statements.  *Id*. at

11   107.[1]  This Court sustained the objection because of the prejudicial impact that

12   evidence would have on Defendant's theory of the case.  *Id*. at 108.  Later,

13   Defendant's counsel argued that just because you have the ability to access does

14   not mean you control (possess) it, ECF No. 137 at 31, there were no photos of the

15   drugs found in the shed, *id*. at 34, there was no (pole camera) video-surveillance

16   introduced into evidence showing who controlled (or accessed) the shed, even

17   though it was recorded, *id*. at 36-37, and it was the neighbor's shed without

18   evidence of who used the shed and when the lock was put on it, or whether there

19

20

---

[1]  The neighbor was never called as a witness at trial.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

were multiple keys, *id.* at 40-42.  Thus, Defendant's counsel argued there was a lack of sufficient evidence tying Defendant to the neighbor's shed and its contents.

The trial testimony showed that post *Miranda* warnings, Defendant was asked if he stored any property in the neighbor's shed and if he had a key to it. ECF Nos. 132 at 106; 133 at 228.  Defendant answered no to both questions.  *Id.* Accordingly, the officers cut the chain on the neighbor's shed in order to search it pursuant to the neighbor's consent.  ECF No. 132 at 104.

Significant here, Defendant does not dispute the officer's testimony that he denied that he stored any property in the neighbor's shed and did not have a key to the shed.  Defendant only argues that the neighbor's unsworn statements that Defendant controlled the shed (which were not introduced at trial), should have been believed over Defendant's post *Miranda* denials of the same.  Faced with these contradictory statements at the time, the officers reasonably concluded that Defendant claimed no privacy interest in the shed and the owner of shed validly gave consent to the search.  *See United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986) ("[P]ersons who voluntarily abandon property lack standing to complain of its search or seizure.").  That Defendant could have claimed an interest in the neighbor's shed or simply refused to answer the officers' questions, will not now inure to Defendant's benefit by forcing the officers to obtain a warrant, post hoc.  This Court unequivocally finds that Defendant manifested a deliberate

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

abandonment to any interest in his neighbor's shed. Counsel was not ineffective by tactically defending the charge by highlighting the absence of positive evidence tying Defendant to the neighbor's shed. A motion to suppress would not have changed the outcome, as it simply would not have succeeded on this record.

The Court appreciates the Ninth Circuit's deferral of this issue on direct appeal, suggesting that collateral review would be more appropriate, where the record could be further developed. *United States v. Birrueta*, 609 F. App'x 520, 521 (9th Cir. 2015). But the insubstantiality of the issue, the undisputed facts, and the now narrowed allegation does not warrant an evidentiary hearing.

### 2. Failure to Seek Fingerprint Evidence

In his Traverse, Defendant clarifies that he admitted to the officers in a post *Miranda* statement to knowing the shotgun was in his shed, but explained that it belonged to a friend. ECF No. 158 at 5. He claims the shotgun was not his and the absence of his fingerprints on the shotgun would have proved that he never touched it.[2] *Id*. Defendant cannot show the requisite prejudice because he was

---

[2]    The case agent admitted he was unaware of any item of evidence submitted for fingerprint analysis, ECF No. 133 at 155, and Defendant's counsel argued the absence of fingerprint evidence in the case, ECF No. 137 at 37-38.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

charged with possessing the shotgun, not using the shotgun.  The jury instructions explained:

> A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.
> More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

ECF No. 87 at Instr. 17.  Whether or not Defendant handled the shotgun, its presence on his property, stored with his other property and his post *Miranda* admission that he knew it was there, conclusively show his illegal possession.  Thus, this claim is denied.

### 3.  **Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  28 U.S.C. § 2253(c)(1).  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claims or could conclude that any issue presented deserves encouragement to proceed further.  Any appeal taken by Defendant of this matter would not be taken in good faith as he fails to make a substantial showing of the denial of a constitutional right.

**ACCORDINGLY, IT IS ORDERED:**

1.  Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 148) is **DENIED.**

2.  A Certificate of Appealability under 28 U.S.C. § 2253(c)(1) is **DENIED**.

3.  The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties and **CLOSE** this and the corresponding civil file.

**DATED** November 4, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8